Gerald Barrett, Esq. SBN: 005955
WARD, KEENAN & BARRETT, P.C.
3838 N. Central Avenue, Suite 1720
Phoenix, AZ 85012
Tel: 602-279-1717
Fax: 602-279-8908
Email: gbarrett@wardkeenanbarrett.com

Mariana Padias (Application for admission *Pro Hac Vice* to be filed)
United Steel, Paper and Forestry, Rubber, Manufacturing,
Energy, Allied Industrial and Service Workers International Union
5 Gateway Center, Room 807
Pittsburgh, PA 15222
E-mail: mpadias@usw.org
Attorneys for Defendant United Steelworkers
of America Kearney Local #5252

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| BERNADETTE ALCOZAR-MURPHY, | |
| Plaintiffs, | |
| v. | Case No: _____ |
| ASARCO ARIZONA, INC.; ASARCO, LLC; ASARCO GRUPO MEXICO; UNITED STEELWORKERS OF AMERICA KEARNEY LOCAL #5252, XYZ Companies; ABC Corporations, | Removed from Pima County Superior Court Case No.: C20141131 |
| Defendants. | |

**REMOVAL AND NOTICE OF REMOVAL**

To:  Clerk—Civil Division          Adam W. Watters, Esq.
     Pima County Superior Court    Watters & Watters, P.C.
     110 W. Congress St.           5115 N. Oracle Road
     Tucson, AZ 85701              Tucson, AZ 85704
                                   Attorney for Plaintiff
                                   adam@watterslaw.com

Defendant United Steelworkers of American Kearney Local #5252 ("Union" or "Local 5252") removes this case from Pima County Superior Court to the United States District Court for the District of Arizona pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1441 and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

1. Plaintiff Bernadette Alcozar-Murphy filed this lawsuit on or about February 27, 2014, in Pima County Superior Court captioned *Bernadette Alcozar-Murphy v. ASARCO Arizona, Inc.; ASARCO, LLC; ASARCO Grupo Mexico; XYZ Companies, ABC Corps*, Pima Cty. Ct. Case. No. C20141131. Exhibit A (Original Complaint).

2. On or about May 21, 2014, Plaintiff filed a First Amended Complaint in Pima County Superior Court captioned *Bernadette Alcozar-Murphy v. ASARCO Arizona, Inc.; ASARCO, LLC; ASARCO Grupo Mexico; United Steel Workers of America Kearney Local #5252; XYZ Companies, ABC Corps.*, under the same case number. Exhibit B (First Amended Complaint).

3. On or about July 18, 2014, ASARCO Arizona, Inc., ASARCO Grupo Mexico, and ASARCO, LLC (collectively, "ASARCO") were dismissed from the instant matter by the Pima County Superior Court. The Court's order is attached hereto as Exhibit C.

4. Defendant United Steel Workers of America Kearny Local #5252 is a labor union. ASARCO, LLC, is Plaintiff's former employer.

5. On or around September 3, 2014, Plaintiff mailed her First Amended Complaint and waiver of service by United States Postal Service priority mail to Local 5252, attached hereto as Exhibit B and D.

6. ASARCO owns and operates a copper mining facility in Kearny, Arizona, known as the "Ray Complex."

7. Plaintiff was an ASARCO, LLC, employee. (Ex. B, First Amended Complaint ¶ 3).

8. Local 5252 is affiliated with the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-

CIO, CLC ("USW"). USW and ASARCO are parties to a collective-bargaining agreement ("CBA"). A true and correct copy of the CBA is attached hereto as Exhibit D. USW is the exclusive collective-bargaining representative for certain production and maintenance employees, including Plaintiff, at ASARCO's Ray Complex within the meaning of the National Labor Relations Act, 29 U.S.C. § 159(a).

9. The CBA governs the employment relationship between USW-represented production and maintenance employees and ASARCO. The CBA includes provisions addressing discipline, grievances, arbitration, and suspension and discharge procedures. (Ex. B at 28-32).

10. On or about February 26, 2013, Plaintiff recorded two hours on her time sheet for time spent in a meeting with Local 5252 president Eric Duarte. (Ex. B, First Amended Complaint ¶ 7).

11. On or about March 4, 2013, ASARCO terminated Plaintiff for her unauthorized log in. (Ex. B, First Amended Complaint ¶ 8).

12. Local 5252 filed a grievance protesting Plaintiff's termination. (Ex. B, First Amended Complaint ¶ 8).

13. The grievance has been appealed to arbitration.

14. Plaintiff alleges that Local 5252 failed to fairly and reasonably represent her and thereby breached its duty of fair representation. (Ex. B, First Amended Complaint ¶ 13). Plaintiff also alleges that ASARCO breached the CBA by terminating her. (*Id.*). These allegations arise from Plaintiff's employment, her bargaining-unit position, and termination pursuant to the terms and conditions set forth in the CBA. Ex. E.

15. Plaintiff also alleges that ASARCO retaliated against her for making a wage claim (Ex. B, First Amended Complaint ¶¶ 9-11). These allegations arise from Plaintiff's employment and discharge pursuant to the terms and conditions set forth in the CBA. Ex. E.

16. Plaintiff also alleges that ASARCO retaliated against her for filing a complaint for ASARCO's alleged violations of the Family Medical Leave Act, 29 U.S.C.

§ 2601 *et seq*. (Ex. B, First Amended Complaint ¶ 12). These allegations arise from Plaintiff's employment and discharge pursuant to the terms and conditions set forth in the CBA. Ex. E.

17. Plaintiff's allegations concerning breach of the duty of fair representation and breach of the CBA, and other allegations, arise under, and require interpretation of, the CBA between USW and ASARCO. Section 301 of the Labor Management Relations Act gives federal courts original jurisdiction over lawsuits asserting violations of labor contracts, including collective-bargaining agreements. 29 U.S.C. § 185 ("Suits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction over the parties."). Additionally, federal courts have original jurisdiction over "hybrid" breach of collective-bargaining agreement/breach of the duty of fair representation lawsuits under Section 301, 29 U.S.C. § 185 and 28 U.S.C. § 1331, 1337(a). Plaintiff's claims are governed and preempted by federal labor law.

18. When "resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract," that claim must be treated as a claim under Section 301. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985). Here, all of Plaintiff's claims are directly related to her employment with and discharge by ASARCO and a grievance protesting her discharge under the CBA's grievance-and-arbitration procedure. Therefore, those claims must be analyzed with reference to, and interpretation and application of, the terms of the collective-bargaining agreement. Plaintiff's claims constitute an "hybrid" breach of collective-bargaining agreement/breach of the duty of fair representation claim and this court has original jurisdiction over all plaintiff's claims under 29 U.S.C. § 185 and 28 U.S.C. § 1331, 1337(a).

19. Plaintiff's claims arise in Pinal County, Arizona, (Doc. B, First Amended Complaint ¶ 1), within the District of Arizona. Plaintiff resides in Pinal County, Arizona. *Id.* Plaintiff was employed at a facility located in San Manuel, Pinal County, Arizona. *Id.*

1  Defendant United Steelworkers of America Kearney Local #5252 is located in Pinal
2  County, Arizona within the District of Arizona.

3      20.    Because this court has original jurisdiction over Plaintiff's claim, removal
4  to federal court is proper. 28 U.S.C. §§ 1331, 1337(a), 1441(a) ("any civil action brought
5  in a State court of which the district courts of the United States have original jurisdiction,
6  may be removed by the defendant or the defendants, to the district court of the United
7  States for the district and division embracing the place where such action is pending.").

8      21.    Section 301 of the Labor Management Relations Act states that a federal
9  court shall have jurisdiction over suits for violation of collective-bargaining agreements
10 "without respect to the amount in controversy." 29 U.S.C. § 185(a). This court has
11 original jurisdiction over all of Plaintiff's claims.

12     22.    All Plaintiff's claims are explicitly related to her discharge from ASARCO:
13 they are part of the same controversy. Therefore, if any of Plaintiff's claims do not
14 directly arise under the collective-bargaining agreement, the court may exercise
15 supplemental jurisdiction over those claims and they may still be properly removed to
16 federal court. 28 U.S.C. § 136 (" in any civil action of which the district courts have
17 original jurisdiction, the district courts shall have supplemental jurisdiction over all other
18 claims that are so related to claims that they form part of the same case or controversy").

19     23.    All Plaintiff's claims are "substantially dependent" on, "inextricably
20 intertwined" with, and part of the same controversy as her discharge from ASARCO.
21 That discharge is subject to the terms of the CBA between USW and ASARCO. All her
22 claims, therefore, are within the court's original and/or supplemental jurisdiction under
23 Section 301 of the Labor Management Relations Act, as well as under 28 U.S.C. §§ 1331,
24 1337(a) and 1367. These claims are properly removed to this court under 28 U.S.C. §
25 1441.

26     24.    Removal is timely, filed within 30 days of Local 5252's receipt of the
27 mailed First Amended Complaint.

28

25. To the extent that any of the ASARCO-related defendants are still a "party" within the meaning of 28 U.S.C. § 1446 to this lawsuit, each consents to removal. See, Ex. F (Plaintiff's Request for Reconsideration/Motion to Reinstate Defendant Asarco Arizona).

26. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a).

27. Copies of the First Amended Complaint and all other papers regarding this lawsuit sent by Plaintiff and received by Local 5252 are attached hereto as Exhibits A – D and F.

28. This removal and notice of removal are being provided to Plaintiff's counsel and to the Pima County Superior Court as well as the attorney for the various ASARCO defendants.

Respectfully submitted, this 30th day of September, 2014.

/s/ Gerald Barrett
Ward, Keenan & Barrett, P.C.
3838 N. Central Avenue, Suite 1720
Phoenix, AZ 85012
gbarrett@wardkeenanbarrett.com

Mariana Padias
United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union
5 Gateway Center, Room 807
Pittsburgh, PA 15222
mpadias@usw.org

ATTORNEYS FOR DEFENDANT UNITED STEELWORKERS OF AMERICA KEARNEY LOCAL #5252

CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2014, I electronically transmitted the foregoing to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Adam W. Watters

I hereby certify that on September 30, 2014, I served by mail a paper copy of the foregoing to:

Adam W. Watters
WATTERS & WATTERS, P.C.
5115 N. Oracle Road
Tucson, AZ 85704
adam@watterslaw.com

s/Carol L. Thomas, CP